IN THE UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAUDEO PANGANIBAN | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.: |
| | § | |
| AMERICAN AUTOMAR, INC, | § | |
| ET AL | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW **RAUDEO PANGANIBAN**, Plaintiff, complaining of American Automar, INC., Osprey Ship Management, INC., and APL Maritime Ltd., Defendants, and for cause of action would respectfully show unto this Honorable Court the following:

I.

Plaintiff Raudeo Panganiban, is a resident of Houston, Harris County, Texas.

Defendant American Automar, INC. is a Delaware corporation with its principle place of business located in Maryland. At all times pertinent to this cause of action it was doing business within the venue and jurisdiction of this court. It has not designated a registered agent for service of process in Texas. Therefore, process should be served on the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701. The Secretary of State should then forward process to the home office of American Automar, INC. located at 6550 Rock Spring Drive, Suite 300, Bethesda, MD 20817.

Defendant Osprey Ship Management, INC. is a Delaware Corporation with its principle place of business located in Bethesda, Maryland. At all times pertinent to this cause of action it was doing business within the venue and jurisdiction of this court. It has not designated a registered agent for service of process in Texas. Therefore, process should be served on the Texas Secretary of State 1019 Brazos Street, Austin, Texas 78701. The Secretary of State should then forward process to the home office of Osprey Ship Management, INC. located at 6550 Rock Spring Drive, Suite 300, Bethesda, MD 20817.

Defendant APL Maritime Ltd. is a foreign corporation with its principle place of business located in Bethesda, Maryland. At all times pertinent to this cause of action it was doing business within the venue and jurisdiction of this court. It has not designated a registered agent for service of process in Texas. Therefore, service of process should be served on the Texas Secretary of State 1019 Brazos Street, Austin, Texas 78701. The Secretary of State should then forward process to the main office of APL Maritime Ltd. in the United States located at 6901 Rockledge Drive, Suite 200, Bethesda, MD 20817. APL Maritime Ltd.'s telephone number is (301)571-0100. Its facsimile number is (301)571-8501.

II.

This Honorable Court has venue and jurisdiction of this cause of action under the Jones Act and the General Maritime Law. At all times pertinent to this cause of action, Plaintiff had the status of a merchant seaman and brings this action for injuries he sustained while employed as a merchant seaman.

III.

Plaintiff would show that on November 8, 2010 he was employed as a merchant seaman by one or more of the Defendants as a crewmen on the MV American Tern. The American Tern was owned, crewed and maintained by the Defendants. It was time chartered to the Military Sea Lift Command.

IV.

In September, 2010 the American Tern loaded military cargo at the Port of Philadelphia. It transported the military cargo to the Port of Riga in Latvia. The American Tern docked at Riga and discharged its military cargo.

V.

Plaintiff worked loading and unloading cargo. On November 7, 2010 he worked from 0800-2400 hours with two short rest periods.

On November 8, 2010 the vessel was still docked at the Port of Riga, Latvia. Plaintiff woke up early that morning and smelled something very bad inside his cabin which he sprayed with Lysol disinfectant. He later was told that by the Chief Mate that insect repellant had been sprayed on the ship. After the morning safety meeting Plaintiff received an order from the Bosun to secure Cargo Holds One, Two, Three, and Four. While Plaintiff walked on deck going to Cargo Hold number One his legs were shaking. Plaintiff managed to work with another seaman to finish securing Cargo Hold number One. Plaintiff was becoming dizzy. Plaintiff worked securing Cargo Hold number Two. The Captain called for an early break. Plaintiff felt dizzy and complained to the Chief Mate.

The Chief Mate referred Plaintiff to the Second Mate. The Second Mate took plaintiff's blood pressure in the ship's hospital and it was 170/110. Plaintiff had not only elevated blood pressure but

also complaints of dizziness and some loss of function in his legs. Neither the Chief Mate nor the Second Mate made any arrangements at that time for Plaintiff to see a physician, be taken to a emergency room, or have any sort of other medical care. At the time, the American Tern was still docked at the Port of Riga, Latvia.

VI.

Plaintiff returned to his cabin and fell asleep. When he woke up, he found that the ship was already at sea but not moving. Plaintiff opened his port hole window and saw a tug boat along the side of the ship. The weather was not bad at that time.

VII.

That evening the Second Mate came to see Plaintiff. He took Plaintiff's blood pressure and gave him a urine test. Plaintiff asked why they did not send him to the hospital. The Second Mate responded that the weather was bad and the seas were rough. The mate did not mention that there was a tug boat that had been along side that could have taken Plaintiff from the American Tern to the dock.

VIII.

As it turns out, Plaintiff suffered an ischemic stroke. Plaintiff ultimately was transported from Riga, Latvia, to Houston, Texas. Plaintiff has been under the care of a physician since his return to Houston, Texas. He has sustained significant disability that has prevented his returning to work.

IX.

Plaintiff would show that the MV American Tern was a privately owned and operated vessel time chartered to the Military Sea Lift Command. It was not a "public vessel" for purposes of the Public Vessels Act. Plaintiff's action against his employers, the Defendants, was not precluded by the Public Vessels Act. *Wilbert Williams, personal representative of the estate of Ballard Williams, deceased, v. Central Gulf Lines,* 874 F2d 1058, 1060 (5th circuit 1989).

X.

Plaintiff would show that Defendants breached their duty to provide a sea worthy vessel. Defendants had the legal duty to provide prompt and adequate medical treatment to Plaintiff. Plaintiff would show that Defendants delayed in providing medical care and treatment to include prompt evacuation from the American Tern to a hospital when Plaintiff first showed signs of illness. Plaintiff would show that his elevated blood pressure combined with his difficulty walking and dizziness were symptoms that indicated that Plaintiff required immediate and prompt medical treatment. Plaintiff would show that adequate medical treatment was available in Riga, Latvia. Defendants could have promptly called for an ambulance or taken Plaintiff to a hospital themselves while the vessel was dockside. However, Defendants delayed doing such until the vessel was moored in the harbor. Even then, defendants delayed evacuating Plaintiff to a hospital when a tug was along side the vessel.

XI.

Plaintiff would show that his delay in receiving medical treatment caused his condition to become worse and deprived him of the possibility of a good recovery. Plaintiff received no adequate treatment for his high blood pressure or the early symptoms of his stoke. As a result, Plaintiff

sustained significant disability and has been unable to return to work. It is now nearly three years since the date of his accident. Plaintiff has been unable to pass a physical examination to return to work.

XII.

Plaintiff would show that Defendants negligently failed to provide him with adequate medical care and provide him with maintenance and cure benefits after he was returned to the United States. Plaintiff would show that his damages include past and future physical impairment, wage loss, medical expenses, mental anguish and maintenance and cure benefits. Plaintiff seeks to recover actual damages of and from Defendants, in the amount of $2,500,000.00. Plaintiff also seeks to recover reasonable attorney's fees.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon final trial of this cause that Plaintiff have judgement against Defendants for his damages including past and future loss of earnings and earning capacity, physical impairment, physical pain, mental anguish, reasonable attorney's fees and such other and further relief to which he may be entitled. Plaintiff further seeks to recover pre and post judgement interest as well as costs of court.

Respectfully submitted,

**STEVEN C. BARKLEY**
ATTORNEY AT LAW
3560 Delaware, Suite 305
Beaumont, Texas 77706
Phone:  (409) 899-2277
Fax:      (409) 899-2477


/s/ Steven C. Barkley
_____
**STEVEN C. BARKLEY**
STATE BAR NO. 01750500